Pro Se 2 2022

```
                            FILED
                            LODGED
                            RECEIVED    MAIL

                            OCT 06 2023

                               AT SEATTLE
                         CLERK U.S. DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
                        BY                    DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

Brooklynn C. Clark

Plaintiff(s),

v.

State of Washington Department of Health, Angie Schulz, et. al.

Defendant(s).

CASE NO. 2:23-CV-01558-RSL
[to be filled in by Clerk's Office]

COMPLAINT AND REQUEST FOR INJUNCTION

I.   THE PARTIES TO THIS COMPLAINT

A.   Plaintiff(s)

*Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.*

Name: Brooklynn C. Clark
Street Address: P.O. Box 6898
City and County: Portland and Washington
State and Zip Code: Oregon and 97228
Telephone Number: 201.923.9617

COMPLAINT AND REQUEST FOR INJUNCTION - 1

**B.    The Defendant(s)**

*Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.*

Defendant No. 1

    Name: State of Washington Department of Health
    Job or Title *(if known)*:
    Street Address: P.O. Box 47997
    City and County: Olympia and Thurston
    State and Zip Code: Washington and 98504
    Telephone Number: 360.236.4115

Defendant No. 2

    Name: Angie Schulz
    Job or Title *(if known)*: Acting Credentialing Assistant Manager
    Street Address: P.O. Box 47997
    City and County: Olympia and Thurston
    State and Zip Code: Washington and 98504
    Telephone Number: 360.236.4115

Defendant No. 3

    Name: Scott Bramhall
    Job or Title *(if known)*: Health Care Investigator
    Street Address: P.O. Box 47997
    City and County: Olympia and Thurston
    State and Zip Code: Washington and 98504
    Telephone Number: 360.236.4115

The Defendants continued...

Defendant #5  Lori Targus
Federal Background Lead
P.O. Box 47997
Olympia, WA 98504
Thurston County
p: 360.236.4115

Defendant #6  Tina Crawford
Health Services Consultant
P.O. Box 47997
Olympia and Thurston County
Washington and 98504
p: 360.236.4115

Defendant #7  Erica Brown
Acting Deputy Credentialing Manager
P.O. Box 47997
Olympia and Thurston County
Washington and 98504
p: 360.236.4115

Pro Se 2 2022

1  Defendant No. 4

2  Name: Kevin Taylor
3  Job or Title *(if known)*: Exceptions Unit Lead
   Street Address: P.O. Box 47997
4  City and County: Olympia and Thurston
5  State and Zip Code: Washington and 98504
   Telephone Number: 360.236.4115
6

7

8  **II.    BASIS FOR JURISDICTION**

9  Federal courts are courts of limited jurisdiction (limited power). Generally, only two
10 types of cases can be heard in federal court: cases involving a federal question and cases
11 involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under
12 the United States Constitution or federal laws or treaties is a federal question case. Under 28
13 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and
14 the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of
15 citizenship case, no defendant may be a citizen of the same State as any plaintiff.

16 What is the basis for federal court jurisdiction? *(select all that apply)*

17 ☑ Federal question:        ☐ Diversity of citizenship:
   If checked complete section A.    If checked complete section B.

18 Fill out the paragraphs in this section that apply to this case.

19 A.  If the Basis for Jurisdiction Is a Federal Question

20 List the specific federal statutes, federal treaties, and/or provisions of the United States
21 Constitution that are at issue in this case. *Attach additional pages if needed.*

22 Fifth Amendment of the U.S. Constitution;
23 Civil Rights Act of 1964 (Title VII);
24 RCW Chapter 49.60; and 42 U.S. Code § 1983

COMPLAINT AND REQUEST FOR INJUNCTION - 3

Pro Se 2 2022

B.  If the Basis for Jurisdiction Is Diversity of Citizenship

    1.  The Plaintiff(s)

        a.  If the plaintiff is an individual.

The plaintiff (*name*) Click here to enter plaintiff's name., is a citizen of the State of (*name*) Click here to enter plaintiff's state.

        b.  If the plaintiff is a corporation.

The plaintiff, (*name*) Click here to enter plaintiff's name., is incorporated under the laws of the State of (*name*) Click here to enter state, is incorporated under the laws of the State of (*name*) Click here to enter state, and has its principal place of business in the State of (*name*) Click here to enter plaintiff's state.

(*If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.*)

    2.  The Defendant(s)

        a.  If the defendant is an individual.

The defendant, (*name*) Click here to enter defendant's name., is a citizen of the State of (*name*) Click here to enter state. Or is a citizen of (*foreign nation*) Click here to enter country..

        b.  If the defendant is a corporation.

The defendant, (*name*) Click here to enter defendant's name., is incorporated under the laws of the State of (*name*) Click here to enter state, and has its principal place of business in the State of (*name*) Click here to enter state.

Or is incorporated under the laws of (*foreign nation*) Click here to enter country., and has its principal place of business in (*name*) Click here to enter location..

(*If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.*)

COMPLAINT AND REQUEST FOR INJUNCTION - 4

*Pro Se 2 2022*

### III. THE AMOUNT IN CONTROVERSY

The amount in controversy – the amount the plaintiff claims the defendant owes or the amount at stake – is more than $75,000, not counting interest and costs of court, because *(explain). Attach additional pages if needed*:

Defendants actions were based on prejudice and have already cause permanent and irreversable damage to the Plaintiff. Punative Damages are being sought.

### IV. STATEMENT OF CLAIM

*Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.*

A. Where did the events giving rise to your claim(s) occur?

Within the walls of the State of Washington's Department of Health.

B. What date and approximate time did the events giving rise to your claim(s) occur?

On or about July 20th, 2023 ; time is unknown

C. What are the facts underlying your claim(s)? *(For example: what happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Please see additional sheet attached

COMPLAINT AND REQUEST FOR INJUNCTION - 5

1

## IV. Statement of Claim

C. What are the facts underlying your claim?

- On or about July 19, 2023, Plaintiff paid for and submitted her fingerprints for a criminal history background check as the final step in completing the process to become licensed and/or certified as an Emergency Medical Technician (EMT) in the State of Washington.
- As part of Plaintiff's application for licensure and/or certification as an EMT within the State of Washington she was required to disclose her previous name and gender as the Plaintiff is a transgender person.
- On or about July 28, 2023, Plaintiff received a vague letter from the Department of Health (DOH), more specifically Defendant Lorri Targus requesting, "a detailed written explanation of each offense". The Plaintiff did not know what the letter was referring to, so she called the number listed for clarity.
- Defendant, Kevin Taylor received the Plaintiff's phone call and explained that the DOH wanted information about dismissed matters out of Texas even though the Plaintiff advised Mr. Taylor that: #1- those matters have been Dismissed and #2- that those matters were under an Order of Non-Disclosure; however, Mr. Taylor insisted that the Plaintiff must provide those documents in order to become licensed by the DOH.
- Plaintiff asked Defendant Taylor to memorialize the r conversation and explain what he wanted the Plaintiff to produce in an email. Defendant Taylor ended the call by misgendering the Plaintiff by calling her "Sir" after looking up her application on his computer and Mr. Taylor did not memorialize the conversation nor did he describe what he wanted from the Plaintiff; however, the Plaintiff did in fact produce the aforementioned documents showing that the matters discussed with Mr. Taylor were dismissed and under an Order of Non-disclosure.
- On or about August 1, 2023, Plaintiff again called the DOH for a status update on her application for her EMT license/certification and she was directed to speak with the most disrespectful public employee that she has ever had to work with: Defendant, Angie Shulz.
- Defendant, Angie Shulz did not offer any assistance or solutions to help the Plaintiff receive her EMT license and/or certification, nor was she willing to produce an email stating what she and/or her team needed to move forward as the Plaintiff had already provided documentation showing that she has no convictions on her criminal record. Furthermore, and surprisingly Defendant Shulz also called the Plaintiff "Sir" after ending their first call together. Angie Shulz also looked Plaintiff, Brooklynn Clark's (female) information up within the Department of Health's computer system.

2

- The Plaintiff called the DOH multiple times over the month of August and every time she was directed to speak with Defendant Shulz, who spoke over the Plaintiff, hung up the phone on the Plaintiff, and refused to issue any document stating why the Plaintiff's EMT license and/or certification was not being approved as the Plaintiff did and still does maintain that she has no criminal convictions and/or disqualifying factors that should prevent her from obtaining her EMT license and/or certification. Defendant Shulz was very rude, combative, and nasty towards the Plaintiff and refused to put the Plaintiff in contact with Defendant Shulz's direct supervisor, Defendant Erica Brown and/or the decision maker(s) who were withholding Plaintiff's EMT license and/or certification without any legal and/or just cause.
- Next, the Plaintiff contacted the Superior Court in El Paso, Texas to ask if she was required to provide information regarding the Texas matters under an Order of Non-Disclosure. The Plaintiff was advised that the State of Washington's Department of Health is not entitled to that information and that in fact the DOH had coerced the Plaintiff into providing information that the Plaintiff was not supposed to provide.
- On or about August 22, 2023, the Plaintiff received a second letter, this time from Defendant, Tina Crawford. Her letter states that the DOH, "has the authority to investigate complaints against health care providers." The Plaintiff was unaware of any complaints against healthcare providers and believed that the DOH was trying to find a disqualification that simply does not exist…
- Again the Plaintiff called the DOH for clarity but this time the Plaintiff spoke with another unprofessional and rude DOH employee, Defendant Scott Bramhall. Mr. Bramhall stated that he was not able to provide any updates or information about Plaintiff's application.
- Next, the Plaintiff applied for her EMT license and/or certification within the State of Oregon. Within a few (2-3 weeks) the State of Oregon's Health Authority issued the Plaintiff her license and/or certification; allowing the Plaintiff to legally work in Oregon as an EMT.
- Upon getting approved by the State of Oregon, the Plaintiff sent an email to the fire departments in Washington State where she volunteers, got her EMT training, and was seeking employment once approved to work in Washington State and cc'd the State of Washington Department of Health showing everyone that Oregon completed their background check on the Plaintiff in a few short weeks and they did not uncover any convictions just as the Plaintiff has maintained!
- The DOH requested proof of Oregon EMT licensure/certification on or about September 11, 2023; and again the Plaintiff complied along with the State of Oregon to verify Plaintiff's active EMT license and/or certification within the State of Oregon.

3

- On or about September 15, 2023, the Plaintiff received her final letter from Defendant, Scott Bramhall threatening the Plaintiff with fines and/or other sanctions if she does not produce records of convictions that she does not have.
- Plaintiff responded to Mr. Bramhall's letter via email on or about September 14, 2023 and again advising the Defendants that she does not have any criminal convictions!
- Plaintiff's final action to resolve this matter prior to filing this complaint was to obtain a copy of the criminal background check conducted by the fire department (Pacific County Fire District #1) that she volunteers within Washington State and was conducted by the Washington State Police. Plaintiff emailed a copy of that Washington State Police Background Check to the Defendants on or about September 26, 2023 and received no response.
- The Plaintiff believes the Defendants actions are motivated by either illegal racial or gender discrimination as there are no lawful reasons to withhold her E.M.T. license and/or certification, as well as, her ability to work as an EMT within the State of Washington (as she is allowed to do in the State of Oregon).
- Plaintiff asks the Court for an immediate Order forcing the Defendants to either provide proof of a disqualifying factor or immediately issue the Plaintiff her well deserved EMT license and/or certification without restrictions.
- Further, the Plaintiff asks the Court to Order the Defendants to pay damages both compensatory and punitive as their actions are intentional, a gross breach of public trust, and are motivated by discrimination and/or bigotry.
- Any damages assessed should extend to the Department of Health, as well as, the individual parties that are found to have acted in bad faith individually and not in line with State and Federal law.

Pro Se 2 2022

## V. IRREPARABLE INJURY

*Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured. Attach additional pages if needed.*

Plaintiff's Fire Chiefs and Fellow firefighters know that the D.O.H. is alleging criminal convictions and lying on an application. That loss of trust will ALWAYS be in the back of their minds & Plaintiff is Not a criminal!

## VI. RELIEF

*State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. Attach additional pages if needed.*

#1 - Order forcing the D.O.H. to issue the Plaintiff her E.M.T. License and/or Certification. #2 - Loss of income and #3 - Punitive Damages

## VII. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

COMPLAINT AND REQUEST FOR INJUNCTION - 6

*Pro Se 2 2022*

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10.03.2023

Signature of Plaintiff: *Broahlyn C.*

Printed Name of Plaintiff: Brooklynn C. Clark

Date of signing: _____

Signature of Plaintiff: _____

Printed Name of Plaintiff: _____

Date of signing: _____

Signature of Plaintiff: _____

Printed Name of Plaintiff: _____

COMPLAINT AND REQUEST FOR INJUNCTION - 7