UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BROOKLYNN C Clark,<br><br>               Plaintiff,<br><br>      v.<br><br>WASHINGTON STATE DEPARTMENT<br><br>OF HEALTH; ANGIE SCHULZ; SCOTT<br><br>BRAMHALL; LORI TARGUS; TINA<br><br>CRAWFORD; ERICA BROWN; AND<br><br>KEVIN TAYLOR,<br><br>               Defendant. | Case No. 2:23-cv-01558-TMC<br><br>ORDER DENYING MOTION FOR<br>COURT-APPOINTED COUNSEL |

Before the Court is pro se Plaintiff Brooklynn C. Clark's motion for court-appointed counsel. Dkt. 7. Because appointment of counsel is not warranted at this early stage of the case, the motion is DENIED.

## I.      BACKGROUND

Ms. Clark initiated this case by filing a motion to proceed *in forma pauperis* ("IFP") on October 6, 2023. Dkt. 1. On October 13, 2023, U.S. Magistrate Judge Brian A. Tsuchida granted the motion to proceed IFP and Ms. Clark's complaint was thereafter filed. Dkt. 4, 5. The

ORDER DENYING MOTION FOR COURT-APPOINTED COUNSEL - 1

1   complaint alleges unlawful discrimination claims under Title VII of the Civil Rights Act of 1964

2   and RCW 49.60 and a claim under 42 U.S.C. § 1983 for a violation of her rights under the Fifth

3   Amendment to the U.S. Constitution. *See* Dkt. 5 at 4, 7–9.

4        On November 6, 2023, Ms. Clark filed the instant motion asking the Court to appoint

5   counsel to represent her in this lawsuit. Dkt. 7. Ms. Clark informs the Court that she has made

6   efforts to retain counsel by contacting between four and six law offices and states that she is

7   unsure whether any state or federal agency has officially determined whether there is reasonable

8   cause to believe that the allegations in her complaint are true. Dkt. 7 at 2.

9                           **II.       DISCUSSION**

10       There is generally "no constitutional right to counsel in a civil case." *Adir Int'l, LLC v.*

11  *Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (internal citation omitted).

12  But in employment discrimination cases arising under Title VII of the 1964 Civil Rights Act, the

13  Court may appoint counsel "upon application by the complainant and in such circumstances as

14  the court may deem just." 42 U.S.C. § 2000e-5(f)(1). When considering a request for counsel for

15  Title VII claims, the Court assesses the applicant's financial resources, efforts the applicant has

16  already made to secure counsel, and whether the claim has merit. *Bradshaw v. Zoological Soc'y*

17  *of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). For § 1983 claims, the Court asks whether

18  "exceptional circumstances" exist that justify granting the request for counsel. *Amezquita v.*

19  *Hough*, No. 21-56059, 2023 WL 4105307, at *2 (9th Cir. June 21, 2023) (quoting *U.S. ex rel.*

20  *Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)).

21       The Court's resources for appointing counsel are limited and must be reserved for those

22  cases meeting the previously mentioned requirements. Although the Court appreciates the

23  information Ms. Clark has provided, her case does not currently meet those requirements.

24

ORDER DENYING MOTION FOR COURT-APPOINTED COUNSEL - 2

The first Title VII factor favors appointment of counsel. Ms. Clark's IFP status indicates that she likely cannot afford to hire an attorney on her own. *See Kucuk v. Cent. Wash. Univ.*, No. C17-1262JLR, 2018 WL 513593, at *1 (W.D. Wash. Jan. 23, 2018). However, the second and third factors weigh against granting the motion. Ms. Clark states that she has "contacted 4-6 law offices" in search of an attorney. Dkt. 7 at 2. For the second factor, a plaintiff must show that they have made a "reasonably diligent effort under the circumstances to obtain counsel." *Bradshaw*, 662 F.2d at 1319. At this early stage of the case, the Court encourages Ms. Clark to make additional efforts to find retained counsel. *Cf. id.* (finding that a pro se plaintiff showed reasonable diligence under the circumstances by filing affidavits showing that she had contacted "more than ten attorneys, each of whom declined to represent her except upon financial terms that she was unable to meet"). Finally, it is also too early in the litigation for the Court to determine whether Ms. Clark's claims have merit.

As to Ms. Clark's § 1983 claim, there are currently no "exceptional circumstances" justifying appointment of counsel. Ms. Clark's pleadings and filings thus far show an ability to articulate her claims and it is too early in the case for the Court to find a likelihood of success on the merits. *See Amezquita*, 2023 WL 4105307, at *2 (citing *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997)).

### III.    CONCLUSION

Because two of the three Title VII factors and the section 1983 analysis weigh against appointment of counsel, the Court DENIES Ms. Clark's motion for court-appointed counsel. Dkt. 7. This does not prevent Ms. Clark from bringing another motion for appointed counsel at a later stage of the case. The Court encourages Ms. Clark to review this District's resources for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se, including

the Federal Bar Association's civil rights legal clinic, with more information available at

https://www.kcba.org/?pg=Neighborhood-Legal-Clinics.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and

to any party appearing pro se at said party's last known address.

Dated this 6th day of December, 2023.

Tiffany M. Cartwright
United States District Court Judge