UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BROOKLYNN C Clark,<br><br>    Plaintiff,<br><br> v.<br><br>WASHINGTON STATE DEPARTMENT OF HEALTH; ANGIE SCHULZ; SCOTT BRAMHALL; LORI TARGUS; TINA CRAWFORD; ERICA BROWN; AND KEVIN TAYLOR,<br><br>    Defendants. | Case No. 2:23-cv-01558-TMC<br><br>ORDER DENYING MOTION FOR HEARING AND APPOINTMENT OF COUNSEL |

  Before the Court is pro se plaintiff Brooklynn C. Clark's "motion for hearing and for appointment of counsel." Dkt. 39. The motion contains Ms. Clark's third request for appointment of counsel and a request for default judgment against Defendants. *Id.* at 1.

  First, Ms. Clark's request for appointment of counsel is denied because she has not provided any additional reason for the Court to appoint her counsel under the relevant legal standard since the Court denied her last such motion. *See* Dkt. 28 at 18–19.

ORDER DENYING MOTION FOR HEARING AND APPOINTMENT OF COUNSEL - 1

Next, Ms. Clark's motion for default judgment appears to ask the Court to enter a final judgment in her favor based on "the evidence already provided to the Defendants' Attorney" and grant her request for an injunction requiring the Washington Department of Health ("DOH") to issue her EMT license. *See* Dkt. 39 at 2–3. She asks the Court "to immediately hold a hearing to determine whether liability can be established at this time." *Id.* at 3. These requests are not proper; a Court may only enter default or default judgment against a defendant when they have "failed to plead or otherwise defend" a case filed against them. Fed. R. Civ. P. 55. All Defendants have appeared and participated in this case, including filing an answer to Ms. Clark's complaint. Dkt. 36. At this stage of the case, both parties are allowed to conduct discovery to develop evidence. Once they exchange discovery, either side can file a motion for summary judgment (along with supporting evidence) asking the Court to rule on the plaintiff's claims. However, if material disputes of fact remain at the summary judgment stage, the case will have to be decided by a jury at trial, not by the Court. In sum, the appropriate procedure at this time is for the parties to develop the evidence through discovery and then determine whether to file motions for summary judgment.

For the above reasons, Ms. Clark's motion for hearing and appointment of counsel is DENIED. Dkt. 39.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 30th day of July, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTION FOR HEARING AND APPOINTMENT OF COUNSEL - 2